The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| KATHY L. STEWART, | CASE NO. 11-60982 |
| Debtor. | JUDGE RUSS KENDIG |
| | **MEMORANDUM OF OPINION (NOT INTENDED FOR PUBLICATION)** |

Kathy L. Stewart (hereafter "Debtor") filed a chapter 7 petition on March 29, 2011. Debtor did not file a certificate demonstrating compliance with 11 U.S.C. § 109. Instead, she checked box three on Official Form 1, Exhibit D and indicated she requested, but was unable to obtain, credit counseling and exigent circumstances warranted exemption from the pre-filing requirement. Debtor described the exigent circumstances: "Vehicle repossessed, utilities shut off, inability to pay for medical care."

On April 8, 2011, the court entered a preliminary order instructing Debtor to provide information necessary to determine her eligibility for the relief sought. Debtor did not comply. Debtor did, however, take the credit counseling course on April 12, 2011 and filed the certificate with the court on the same day.

The court has jurisdiction of this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

The Bankruptcy Abuse Prevention and Consumer Protection Act (hereafter "BAPCPA") enacted in 2005 mandated that debtors obtain counseling prior to filing bankruptcy. *See* 11 U.S.C. § 109(h). There are limited exceptions to the requirement. Under 11 U.S.C. § 109(h)(2)(A), the requirement does not apply in districts where a designated official determines that adequate counseling services are not available; this exception is not applicable in this district. The other exception is found in section 109(h)(3), which provides, in relevant part, that a prefiling credit counseling certificate is not required:

> with respect to a debtor who submits to the court a certification that--
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

All three prongs must be satisfied to be excused from the credit counseling requirement. *See* In re Mitrano, 2009 WL 2392030 (E.D. Va. 2009) (reporter citation not yet available) (citing Clippard v. Bass, 365 B.R. 131, 135 (W.D. Tenn. 2007) (other citations omitted)).

Upon review of Exhibit D and Debtor's motion for an exemption from the credit counseling the requirement, the Court cannot grant Debtor's request. First, Debtor does not reference specific attempts to obtain the credit counseling in accordance with section 109(h)(3)(ii). Debtor does not identify the agencies contacted or the dates of contact. Debtor bears the burden of proof of the entitlement to an "exigent circumstances" exemption, *see* In re Graham, 336 B.R 292 (Bankr. W.D. Ky. 2005), and he failed to meet her burden.

Second, financial hardship is not an "exigent circumstance." *See* In re Piontek, 346 B.R. 126 (Bankr. W.D. Pa. 2006); In re Palacios, 2008 WL 700968 (Bankr. E.D. Va. 2008) (unpublished); In re Curington, 2005 WL 3752229 (Bankr. E.D. Tenn. 2005) (unpublished). As set forth in both Palacios and Piontek opinions, the bankruptcy code requires that credit counseling agencies provide the counseling service "without regard to ability to pay the fee." 11 U.S.C. § 111(c)(2)(B). Consequently, *all* approved credit counseling agencies should provide services regardless of a debtor's ability to pay. The Court is not satisfied that Debtor's circumstances merit exemption from the pre-filing requirement.

The court provided Debtor with an opportunity to get the necessary information before the court. Debtor failed to respond and cannot demonstrate she is entitled to take the course post-filing.

The code requires that the course be completed in the 180 days before the case is filed. *See* 11 U.S.C. § 109(h). Debtor cannot file a bankruptcy case and then take the course. Consequently, Debtor's completion of the course after she filed does not provide a cure. Because debtor did not meet the credit counseling requirements of the bankruptcy code, she

is not eligible to be a debtor. The case will be dismissed.

An order in accordance with this decision shall be entered forthwith.

#   #   #



**Service List**:

Kathy L Stewart
PO Box 714
Green, OH 44232

Anthony J. DeGirolamo
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Office of the United States Trustee
201 Superior Ave., East
Suite 441
Cleveland, OH 44114